John S. Savo, Jr. v. A. James Walton, Commissioner
of Corrections

[451 A.2d 1102]

No. 568-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

*Steve Dunham*, Public Defender, St. Albans, for Plaintiff-Appellant.

*Alan B. Coulman, Elizabeth Grant Rome*, and *Diane Cameron Agnew*, Assistant Attorneys General, Waterbury, for Defendant-Appellee.

**Billings, J.** The plaintiff, John S. Savo, Jr., appeals from an order of the Chittenden Superior Court granting summary judgment for the defendant, Commissioner of Corrections. The plaintiff's suit sought declaratory and injunctive relief requiring the defendant to give the plaintiff credit towards his

prison sentence for time spent in custody between February 7, 1977, and February 26, 1980.

In September of 1976 the plaintiff was arraigned on two separate charges, one in Chittenden County and another in Addison County. On December 20, 1976, plaintiff was sentenced to serve seven to ten years in the Chittenden case, docket number 3216-76-CnCr. On February 7, 1977, plaintiff was given a consecutive sentence of ten to fifteen years in the Addison County case, docket number 390-76-Acr. In both cases plaintiff received credit for time served from September 13, 1976.

Three years later on February 26, 1980, plaintiff's Chittenden County conviction was overturned in a post-conviction relief proceeding. On that date the Commissioner of Corrections started the sentence running on the Addison County conviction. On January 9, 1981, the plaintiff was sentenced anew in the Chittenden case. This sentence, however, was different from the original sentence in two significant respects: it was reduced to a term of four to five years, and it was made concurrent to the Addison sentence. Originally the two sentences were to be served consecutively with the Addison sentence following the Chittenden sentence. At the time of the new sentence in the Chittenden case, the plaintiff had already earned credit in excess of the five-year maximum sentence, and both parties concede that this sentence is not at issue.

On September 30, 1981, the plaintiff instituted this action claiming that the Commissioner of Corrections refused to give him credit towards his Addison sentence for time served from February 7, 1977, to February 26, 1980, which it had credited to the original Chittenden sentence. On a motion for summary judgment by the defendant, plaintiff claimed that under the statute governing consecutive sentences, 13 V.S.A. § 7032(c)(2), his consecutive sentences should have been aggregated and, therefore, he is entitled to credit for all time served on the aggregate sentence. The defendant claims that the plaintiff is not entitled to credit for unrelated sentences and that the Addison sentence, because it was consecutive, could not begin to run until February 26, 1980, when the Chittenden sentence was overturned. The trial court ruled for the defendant and denied the plaintiff relief.

A fact that has considerably confused this appeal is that both parties and the trial court have assumed that this case

involves consecutive sentences, and therefore all their arguments have centered on the interpretation and application of those subsections of 13 V.S.A. §§ 7031–7032 concerned with consecutive sentences. Consecutive sentencing, however, is not the issue presented by these facts. Once the Chittenden sentence was overturned, the Addison sentence was no longer consecutive and should not have been treated as such. See *In re Perry*, 137 Vt. 168, 170, 400 A.2d 1013, 1014–15 (1979). And, more importantly, upon resentencing in the Chittenden case, the sentences were changed to be concurrent instead of consecutive. Clearly those subsections of the sentencing statutes, 13 V.S.A. §§ 7031–7032, concerning consecutive sentences are not applicable to the present case.

Under the appropriate subsections, this case is easily decided. 13 V.S.A. § 7031(b) states that "[t]he sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which the person is received at the correctional facility for service of the sentence." Once the Chittenden sentence was overturned on February 26, 1980, the Addison sentence was the only valid sentence in effect. The Addison mittimus committed the plaintiff to serve ten to fifteen years beginning February 7, 1977, and gave him credit for time served since September 13, 1976. Thus, the Commissioner of Corrections had no authority to begin the Addison sentence on February 26, 1980. The plaintiff had been in jail since September 13, 1976, on the Addison conviction, and should have been given credit for it.

This result is also required by the subsequent imposition of the concurrent sentence in the Chittenden case. 13 V.S.A. § 7032(c)(1) provides that concurrent sentences are merged in one another, and each day of time served is to be credited to both sentences. The Commissioner of Corrections admits that the plaintiff is entitled to credit towards his second Chittenden sentence for time served from February 7, 1977, to February 26, 1980. As the sentencing court ordered the sentences to be concurrent, 13 V.S.A. § 7032(c)(1) clearly requires that the plaintiff be given credit for this same period of time towards his Addison sentence.

*Reversed.*