**Luis A. ECHEANDIA, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**No. 71 Civ. 5520.**

United States District Court,
S. D. New York.

March 21, 1972.

Luis A. Echeandia, pro se.

Whitney North Seymour, U. S. Atty., S. D. N. Y., New York City (Gerald A. Feffer, Asst. U. S. Atty., of counsel), for respondent.

EDWARD WEINFELD, District Judge.

Petitioner, based upon 18 U.S.C., section 3568, which provides that a defendant shall receive "credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed," seeks credit toward the federal sentence he is now serving for time spent in a Maryland state prison while awaiting trial and prior to his conviction and sentencing on the state charge.

Petitioner, upon his conviction of a federal charge in this court, was sentenced in December 1960 to a five-year term of imprisonment. He was released on parole on January 28, 1963. He was thereafter arrested in Maryland on a state charge on July 2, 1965, and bail was granted, but in lieu thereof he was confined pending trial. On July 13, a federal non-bondable parole violation

warrant against him was lodged with the Maryland authorities. He was tried and convicted on the state charge on June 15, 1966, and thereupon sentenced to an eight-year term of imprisonment. He was transferred to state prison where he continued to serve his state sentence until June 26, 1967, when he was released to the federal parole violation detainer and resumed serving his federal sentence. After a period he was again released on parole, but he was then taken into custody for parole violation to complete service of the balance of his original five-year sentence, which he is currently serving.

Petitioner contends he is entitled to credit for the state jail time which he served while awaiting trial and until his conviction on the state charge; that during that period he was precluded from obtaining his release because of the non-bailable federal parole violation detainer lodged against him; that he was then effectively "in custody in connection with the [federal] offense" within the meaning of 18 U.S.C., section 3568, as interpreted in Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970), and thus entitled to credit on his federal sentence from the date the detainer was lodged against him.

In order to receive credit under *Davis,* it must appear that the time petitioner was in state custody was not credited toward his state sentence. Radcliffe v. Clark, 451 F.2d 250, 251 (5th Cir. 1971) (per curiam); Doss v. United States, 449 F.2d 1274 (8th Cir. 1971) (per curiam). He is not entitled to double credit for time served. *Cf.* Siegel v. United States, 436 F.2d 92, 95 (2d Cir. 1970); Jefferson v. United States, 389 F.2d 385 (2d Cir. 1968).

■ The Maryland state records submitted on this petition establish beyond question that petitioner has already received credit on his state sentence for the presentence time spent in state jail. By adding the approximately one year of pre-sentence time to the additional year spent in state custody after conviction, petitioner was found eligible for parole on his eight-year state sentence under Maryland law, which allows parole only after service of one fourth of a prisoner's sentence. *See* Md.Ann. Code of 1957, Art. 41, § 122(a) (1971 replacement volume). Had petitioner not received state credit for such presentence time, he would have been held in state custody an additional year before becoming eligible for parole. Section 3568 may not be used to obtain credit on a federal sentence for state jail time already credited against a state sentence. The fact that the federal detainer was lodged against petitioner has not resulted in his spending any time in custody that he otherwise would not have served. *Cf.* McGinnis v. United States ex rel. Pollack, 452 F.2d 833 (2d Cir. 1971).

The application is denied.