**Robert John WOLCOTT**

v.

**John J. NORTON, Warden, Federal Correctional Institution, Danbury, Connecticut.**

**Civ. A. No. B-604.**

United States District Court, D. Connecticut.

Jan. 8, 1973.

Robert John Wolcott, pro se.

Andrew B. Bowman, Asst. U. S. Atty., Bridgeport, Conn., for respondent.

## MEMORANDUM OF DECISION

NEWMAN, District Judge.

The petitioner, presently serving an eighteen-month sentence at the Federal Correctional Institution at Danbury, Connecticut, seeks to obtain credit for time spent in state custody during the pendency of federal parole violator charges against him.[1]

On November 18, 1969, the petitioner, who had been serving a five-year sentence for interstate transportation of a stolen motor vehicle, was mandatorily released from federal custody and placed under parole supervision, which was to last until May 1, 1971. On March 11, 1970 he was arrested by New York state authorities in Nassau County and charged with possession of stolen property. The same day, the Nassau County court denied petitioner bail in connection with this charge, basing its decision solely on the ground that a federal parole violator warrant had been issued for him. In fact, the warrant did not issue until March 12, when it was lodged as a detainer against petitioner, but federal authorities, informed on March 11 of petitioner's arrest, apparently indicated to the state court on that date that the warrant would be immediately forthcoming. The Government concedes that the state judge based his denial of bail on the existence of the federal parole violator charges, even though the federal warrant formalizing the charges was not issued until the following day.

The petitioner pled guilty to the state charges on June 8, 1970, and was sentenced on July 28, 1970, to one year in Nassau County Jail, the sentence to be computed as beginning on March 11. The petitioner had been held in state custody continuously from that date until the date of sentence.

Wolcott was released from Nassau County Jail on January 4, 1971, having received sixty-five days good time, and apparently was taken into federal custody on this date. On January 11, 1971, at a hearing before the United States Parole Board at the Federal House of Detention in New York City, the petitioner's parole was revoked, and he was ordered to serve the remainder of his term of seventeen months and nineteen days. During this period of incarceration, on October 26, 1971, the petitioner was sentenced to an additional eighteen months consecutive term for escape, which he is presently serving.

Petitioner contends that the period in state custody from March 11, 1970, to July 28, 1970, should be viewed as time spent in jail awaiting disposition of the federal parole violator charges and, under 18 U.S.C. § 3568, should be credited against his federal sentence.[2] The Government agrees that normally where state bail is refused because of the pendency of federal parole violator charges, the state pretrial time should be credited against the ultimate service of the federal time. See Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970); Jackson v. Attorney General, 447 F.2d 747 (5th Cir. 1971); Willis v. United States, 409 F.2d 830 (5th Cir. 1971). But the Government contends such pre-

1. Although petitioner has not exhausted his administrative remedies, United States v. Morgan, 425 F.2d 1388 (5th Cir. 1970); Langston v. United States, 310 F.Supp. 147 (W.D.Pa.1970), defendant concedes that recourse to such remedies would be futile, inasmuch as the Bureau of Prisons has taken the position that the circumstances of this case do not entitle petitioner to the relief he seeks.

2. The sentence toward which Wolcott seeks credit is the five-year term for interstate transportation of a stolen motor vehicle. The petitioner, however, has now served that sentence in full and is now serving a consecutive term for escape. The petitioner would, nonetheless, be benefited if the former sentence were credited as he seeks, inasmuch as the credit would reduce the term of the earlier sentence and cause the consecutive sentence to commence at an earlier date. Thus the credit would, in effect, be transferred to the sentence presently being served.

trial time should not be credited against Wolcott's federal sentence since it has already been credited against his state sentence.

No issue is raised as to whether it is constitutionally permissible for New York to require Wolcott to serve time for possessing stolen goods and for the United States to require him to serve, in addition, the balance of his sentence for interstate car theft, even though service of this balance results from an act that violates state law. Cf. Gilbert v. United States, 299 F.Supp. 689 (S.D. N.Y.1969). The sole question is whether Congress, in enacting § 3568, intended to give a prisoner in Wolcott's circumstances credit for his state pre-sentence time.

Section 3568 was amended in 1966 to make certain that pretrial detention time was credited against the sentence finally imposed. P.L. 89–465, 80 Stat. 214 (1966). The House amended the Senate version of the bill by inserting the phrase "or acts" in the sentence that now reads "The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." The report of the House Judiciary Committee explains that this addition was made to cover the situation where a person is arrested and held on one charge and subsequently convicted and sentenced on a lesser charge; moreover, the change "would also include credit for time spent in State custody on a charge which subsequently evolves as a Federal offense." U.S.Code Cong. & Admin.News, p. 2306 (1966). The evident purpose was to make sure that no prisoner failed to get credit for pretrial detention time even if that time was served in state custody.

That purpose has no application to Wolcott. He did receive credit for pretrial detention time against his state sentence. What he now seeks is to have his state pretrial detention time credited twice: once against his state sentence and a second time against the balance of

his federal sentence. There is no basis for concluding that Congress intended such a result. Other courts faced with this claim have likewise declined to award double credit. Doss v. United States, 449 F.2d 1274 (8th Cir. 1971); Radcliffe v. Clark, 451 F.2d 250 (5th Cir. 1971); Wener v. United States (unpublished) (4th Cir. 1969), cited in Radcliffe v. Clark, *supra* at 251.

Finally, there is no basis for concluding that Congress intended § 3568 to provide credit against Wolcott's federal sentence for the time spent serving his state sentence *after* it was imposed. Cf. Siegel v. United States, 436 F.2d 92 (2d Cir. 1970); Jefferson v. United States, 389 F.2d 385 (2d Cir. 1968).

Accordingly, the papers may be filed and the petition is dismissed.