In re Carroll L. Perry

[400 A.2d 1013]

No. 26-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

*James L. Morse*, Defender General, *William A. Nelson*, Appellate Defender, and *Steve Dunham*, Montpelier, for Petitioner.

*M. Jerome Diamond*, Attorney General, and *Peter B. Brittin* and *Peter M. Nowlan*, Assistant Attorneys General, Montpelier, for Respondent.

Larrow, J. Appellant brought his petition for writ of habeas corpus to the Franklin Superior Court, where it was denied. Because of the time elements involved, we expedited this appeal under V.R.A.P. 2. Petitioner is serving a term of 18–24 months, imposed by Vermont District Court, Unit No. 1, Rutland Circuit, on November 30, 1978. The facts are undisputed.

Detained September 2, 1977, petitioner escaped on September 11. He was returned to custody November 11, 1977. Subsequently four sentences were imposed for various offenses, the first three for concurrent terms of 6–12 months, with the fourth, expressed as being consecutive to the other three, being the 18–24 month term he is presently serving. To simplify, we will refer to the three 6–12 month terms as the "first sentence" and the 18–24 month term as the "second sentence." On each mittimus, the trial court gave petitioner credit under 13 V.S.A. § 7031(b) for time already spent in custody, 12 months and 29 days. This determination is not contested. It is of course apparent that at the time the first sentence was imposed, no actual time remained to be served on it, petitioner being entitled to immediate discharge so far as the first term is concerned. As to his second sentence, petitioner contended that he was entitled to conditional release under 28 V.S.A. § 708 as of December 31, 1978, or in the alternative January 29, 1979.

The basic formula for computation of an inmate's conditional release date is relatively simple. His maximum term is reduced by two factors. The first is the "good time" (time off for good behavior under 28 V.S.A. § 811, ten days for each month thereof). The second is for time spent in custody prior to sentence, sometimes called "jail time," mandated by *Williams* v. *Illinois*, 399 U.S. 235 (1970) and *Tate* v. *Short*, 401 U.S. 395 (1971), and incorporated in 13 V.S.A. § 7031(b). When computing a conditional release date in advance, the Department of Corrections assumes all potential good time will be earned. Appropriate adjustments, if any, are made later. (None are involved in this case.) Potential good time is considered to be one quarter of the maximum term, *i.e.*, 10 days for each 30 days served. Here it determined petitioner's maximum term, after deducting good time but before deducting any jail time, to be 18 months.

To make the further jail time reduction, the Department calls this 18 months 540 days and deducts the jail time credit, also expressed in days. The remainder is 151 days. This is the period he must serve between going into execution and conditional release, although if the good time deducted is 60 days or more, he is subject to parole conditions upon release. 28 V.S.A. §§ 708, 709.

Petitioner disputes this computation in two respects. He first claims that the Department erred in failing to compute his sentence under the consecutive sentence statute, 13 V.S.A. § 7032(c), to make his maximum term 36 months instead of 24 and his good time correspondingly 9 months instead of 6. He also argues that since § 7032(c)(2) requires that his maximum terms be added, consistency mandates that the jail time credit on his two sentences be added as well. Computed in conformity with this reasoning, petitioner's conditional release date would be December 31, 1978. On argument below, this date was abandoned in favor of January 29, 1979. We disagree with both contentions, and affirm.

Petitioner's first contention is based upon a literal interpretation of 13 V.S.A. § 7032(c)(2), providing that "[w]hen terms run consecutively . . . the maximum terms are added to arrive at an aggregate maximum . . . ." The simple answer to that contention is that, however the mittimus was phrased by the trial court, the first sentence never did "run." It had expired, by its length and credits, before the mittimus issued. With nothing to serve before the second sentence began, designating it as "consecutive" was pure surplusage, not consistent with giving effect to legislative intent by reading the statute as a whole. *Andrews* v. *Lathrop,* 132 Vt. 256, 261, 315 A.2d 860, 863 (1974). The words "consecutive" and "concurrent" are terms of art, used to describe the relationship of two or more sentences which, at the same time, affect an inmate's imprisonment. If, as here, there is no such relation present to be described, they are answers for which there is no question.

Petitioner's second claim stands no better. The underlying principle enunciated in *Williams, supra,* and *Tate, supra,* is that an individual should not be subject to imprisonment solely because of his indigency. As applied to the instant case, this would require that an individual who receives a two year sentence, consecutive to a one year sentence, and because of indigency cannot "make bail," should serve a sentence no longer than the more affluent defendant free on bail before conviction. *In re Lampman,* 135 Vt. 226, 228, 373 A.2d 547, 548 (1977). The interpretation used by the Department here does not violate the equivalence required by the cited cases. Com-

pounding of jail time credit is not a requisite. If the terms here imposed were really consecutive, as petitioner claims, his contention would make each day in presentence custody worth two days of time in custody once the sentence has begun to run. We cannot assume that the Legislature intended a result so far beyond the constitutional mandate. See *State* v. *Salazar*, 24 Ariz. App. 472, 539 P.2d 946 (1975).

*Judgment affirmed.*