**Robert Ray EMERSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 2–1085A337.**

Court of Appeals of Indiana, Second District.

Oct. 28, 1986.

Timothy S. Lanane, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Defendant-appellant Robert Ray Emerson appeals the trial court's failure to allow presentence commitment credit on his sentence for escape, a class D felony. We affirm.

### Facts

On January 17, 1984 Emerson was arrested for escaping the Indiana State Reformatory while serving a sentence for robbery. He pled guilty to the escape charge on May 21, 1985 and on June 17, 1985 received a four year sentence. This sentence was ordered to run consecutively to the robbery sentence Emerson was still serving. The trial court did not allow Emerson any presentence commitment credit on his four year escape sentence.

### Issue

On appeal Emerson argues he is entitled to credit on his escape sentence for the 18 months between the date of his arrest, January 17, 1984, and the date of his sentencing, June 17, 1985, despite the fact he was serving a prior commitment to the reformatory throughout the eighteen (18) months.

### Discussion

Emerson is entitled to credit on the aggregate of the sentences he has to serve consecutively and he has, in fact, received that credit.

The pertinent statutes are Ind.Code Ann. § 35–50–6–4(a) (Burns 1985), "[a] person imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I," and Ind.Code Ann. § 35–50–6–3(a) (Burns 1985), "[a] person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing."

The controlling case is *Simms v. State* (1981), Ind.App., 421 N.E.2d 698. In *Simms*, the defendant pled guilty to theft and escape and was sentenced to consecutive four year terms. The trial court awarded Sims 260 days of presentence confinement credit on his theft sentence. Sims appealed, contending he was entitled to a like credit on his escape sentence. This court affirmed the trial court and held a defendant who received consecutive sentences is entitled to presentence credit only against the aggregate term of his consecutive sentences. Applying *Simms* to the instant case, Emerson received credit on the aggregate of the robbery sentence and the escape sentence by receiving credit on his robbery commitment. To additionally award him credit on the escape sentence would be to award him double or extra credit, a result the legislature did not intend. *Simms*, 421 N.E.2d at 702. Further, if Emerson were granted presentence credit against the sentence imposed for escape,

the presentence credit portion of Emerson's sentence for escape would in effect be served concurrently with his robbery sentence. Consequently, Emerson is not entitled to presentence commitment credit on the four year sentence for escape.

To the extent *Burnett v. State* (1982), Ind.App., 439 N.E.2d 174 implies otherwise, we disagree with the implication. Burnett was charged with robbery on April 3, 1979, at which time he was in the custody of Ohio authorities on unrelated charges. He was sentenced on May 17, 1979 on the Ohio charges. On July 27, 1979 Burnett was returned to Indiana, pursuant to the Interstate Agreement on Detainers under Indiana Code § 35–33–10–4 (1982). Burnett plead guilty to robbery on October 12, 1979 and received a determinate sentence of five years which was ordered served consecutively to the Ohio sentence. Burnett was returned to Ohio on October 17, 1979. The trial court granted him presentence time served credit for the period from the day he was returned to Indiana, July 27, 1979, to the day of his Indiana sentencing, October 12, 1979. After Burnett was returned to Indiana to commence his Indiana sentence, he sought post-conviction relief, claiming additional presentence and postsentence credit time.

The Court of Appeals denied Burnett's claim for additional presentence credit for the time served prior to arrest or confinement resulting from the Indiana charge. However, the court found Burnett was entitled to credit for the five days he remained in Indiana after sentencing on the Indiana offense before redelivery to Ohio. Although the propriety of the presentence credit awarded by the trial court was not at issue, the fact this court awarded Burnett five days of credit for time he was confined in Indiana after his Indiana sentencing but while he was under an Ohio sentence can be read as implying Emerson is entitled to similar credit. However, *Burnett* is distinguishable because it does not appear Burnett was receiving credit on his Ohio sentence while detained in Indiana, although

such credit may have been proper. *See* Ind.Code § 35–33–10–4, Article 5(f) (1982).

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.