**Vonda JORGENSEN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 03A04–9001–CR–14.**

Court of Appeals of Indiana, Fourth District.

Sept. 10, 1990.

Roger D. Davis, Corydon, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant Vonda Jorgensen (Jorgensen) appeals the Bartholomew Circuit Court's sentence for escape without the granting of good time for pre-trial confinement.

We affirm.

This appeal presents the following issues:

1. whether the trial court's failure to credit Jorgensen with pre-trial incarceration time violated her right to due process;

2. whether such failure amounts to multiple punishment for the same offense; and

3. whether the court erred by failing to grant her credit for pre-trial incarceration after she surrendered subsequent to her earlier escape until the date of her sentencing on the escape charge.

Jorgensen was charged with murder and conspiracy to commit murder, then incarcerated in February, 1987, in the Washington County Detention Center to await trial. On February 27th, Jorgensen escaped, but turned herself in on May 10, 1987.

On August 4, 1989, she pled guilty to escape. She had been convicted earlier of murder and sentenced therefor on January 25, 1989. She was sentenced to 4 years on the escape charge, the same to run consecutive to her sentence for murder.

Jorgensen appeals her escape sentence.

She contends the trial court erred by failing to grant her credit on her escape sentence for pre-trial time served both before her escape and after she surrendered. She claims such failure denied her due process and causes her to be punished twice for the same offense in violation of her constitutional rights. Further, she posits the good time statute is clear: she must be allowed good time for this pre-trial incarceration. We disagree.

■ The pertinent statutes are IND. CODE 35–50–6–4(a) and 35–50–6–3(a) which

provide a person imprisoned for a crime or imprisoned awaiting trial or sentencing earns one day of credit time for each day he is imprisoned. However, the language of these statutes is not clear and unambiguous. In *Simms v. State* (1981), Ind.App., 421 N.E.2d 698, the court held a predecessor statute made an express distinction between concurrent and consecutive sentences. The current statutes do not, however. Our supreme court has not interpreted the current statutes in this regard. However, the consecutive sentencing portion of the statute clearly expresses the intent of the legislature that the pre-sentence credit "be applied against the aggregate term of the [consecutive] sentences." *Id.,* at 701–702.

Such credit was given in this case. The trial court granted Jorgensen 752 days presentence confinement credit on her murder sentence. Clearly, this included credit "against the aggregate" of the two sentences to be served consecutively. To credit Jorgensen with an additional credit on the escape charge would have been to grant her a "double" credit, a contingency clearly not authorized by the statute and clearly not intended by the legislature. *Id.,* at 702. Because Jorgensen was serving her time for murder during the time she was awaiting sentence for escape, any credit for such time would have been the awarding of a double credit to which she was not entitled. *Emerson v. State* (1986), Ind.App., 498 N.E.2d 1301, 1302. We find no error here.

■ Since the above discussion disposes of issues 2 and 3, we now turn to issue one, a matter not addressed by the State in its brief. Because this issue is was not so addressed, if Jorgensen's brief presents a *prima facie* case for relief, it will be granted. *D.H. v. J.H.* (1981), Ind.App., 418 N.E.2d 286, 289.

■ Jorgensen correctly contends both the U.S. Supreme Court and ours have recognized the constitutional prohibition against multiple punishment for the same offense, citing to us *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; *Ex Parte Lang* (1874), 85 U.S. (18 Wall.) 163, 21 L.Ed. 872; and *Brown v. State* (1975), 262 Ind. 629, 322 N.E.2d 708, 712, to name but a few.

If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offense.

*Id.,* at 85 U.S. 168, Jorgensen adds for emphasis. While we grant the accuracy of Jorgensen's citations, we fail to see any double punishment meted out of the trial court's sentencing action below.

As noted above, she was given credit against the aggregate sentences imposed consecutively, as clearly was the intent of the legislature. Since she has been given such credit, she is entitled to no more. Her due process rights have been served and she is not entitled to any bonus.

Affirmed.

MILLER, P.J., and GARRARD, J., concur.