**Abdus–Shadid M.S. ALI, Appellant,**

v.

**DISTRICT OF COLUMBIA, et al, Appellees.**

**No. 91–SP–39.**

District of Columbia Court of Appeals.

Submitted June 9, 1992.

Decided Aug. 25, 1992.

Robert J. Dowlut, was on the brief, for appellant.

Sidney R. Bixler, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, were on the brief, for appellee.

Before ROGERS, Chief Judge, and STEADMAN and KING, Associates Judges.

---

KING, Associate Judge:

Appellant was convicted in 1964 (hereinafter the "1964 conviction") of first-degree murder and armed robbery and was given concurrent terms of 20 years to life and 5 to 15 years respectively. He was paroled in 1983. On March 13, 1985, while still on parole, he was arrested and charged with another first-degree murder. After conviction of that offense, he was given a concurrent 20 years to life term in April 1986 ("1986 conviction") 581 A.2d 368. Parole for the 1964 conviction was thereafter revoked.

In August 1990 appellant filed a *pro se* petition for a writ of *habeas corpus,* D.C.Code § 16–1901 (1989 Repl.), claiming he had been denied the benefits of the Good Time Credits Act of 1986[1] for the 1986 conviction and that he had been improperly denied credit for time served by him between his arrest and sentencing for that offense. After receiving responses to that petition from the United States and the District of Columbia[2], and further pleadings from appellant, the trial court issued an order denying the petition without conducting a hearing.

The trial court ruled that appellant was not entitled to good time credit and he was properly denied credit for pre-trial incarceration since he was serving a sentence in another case at the same time. This appeal followed. Appellant contends: 1) he is entitled to the benefits of the Good Time Credits Act, 2) he was wrongfully denied credit in the 1986 conviction for the period of time he was incarcerated between his arrest and sentencing for that offense, and 3) the trial court erred in not conducting a hearing on the petition for a writ of *habeas corpus.* We affirm on the first and third claims, and we remand to permit the trial court to clarify a portion of the record with respect to the second claim.

The second claim[3] is the only one that requires any extensive discussion. Appellant was arrested for the second first-degree murder on March 13, 1985, and he has been held since that date. Citing D.C.Code § 24–431(a) (1989 Repl.), he argues he is entitled to receive credit on the sentence in the 1986 conviction for the period he was held after his arrest and before he was sentenced for that offense. Section 431(a) provides that, after sentencing, a defendant "shall be given credit ... for time spent in custody or on parole as a result of the offense for which sentence was imposed."

The District of Columbia contends in its brief, however, that an outstanding parole violation warrant for the 1964 conviction was validly executed when appellant was arrested for the offense that resulted in the 1986 conviction. If that is the case, then appellant began serving time again on the 1964 conviction when the warrant was executed. *Moody v. Daggett,* 429 U.S. 78, 87, 97 S.Ct. 274, 278, 50 L.Ed.2d 236 (1976); *Mock v. United States Board of Parole,* 120 U.S.App.D.C. 248, 249, 345 F.2d 737, 738 (1965) ("appellant's first sentence ... would be resumed upon execution of the violator warrant"). The question of whether credit may be given on the sentence in the new case when the defendant is serving a sentence for another offense has never been decided by this court, but it is generally accepted as settled that such credit may not be awarded. *See* 1 CRIMINAL PRACTICE INSTITUTE: TRIAL MANUAL 10.97 (1991) ("pre-conviction credit on the new charge ceases at the time the [parole violation] warrant [is] executed.").

The United States Court of Appeals for the District of Columbia Circuit has considered this question under the federal statute and has concluded that credit may not be awarded. In *Shelvy v. Whitfield,* 231 U.S.App.D.C. 29, 30, 718 F.2d 441, 442

1. D.C.Code §§ 24–428 *et seq.* (1989 Repl. § 1991 Supp.).

2. The District of Columbia has submitted a brief in this court. The United States has not participated in this appeal.

3. With respect to his first point, appellant is entitled to no relief. In *Winters v. Ridley,* 596 A.2d 569 (D.C.1991), decided while this appeal was pending, we held that the sentence reduction provision of the Good Time Credits Act does not apply to sentences for first-degree murder.

(1983), the court held that pre-sentencing credit authorized by 18 U.S.C. § 3568 (1976)[4] was not available for periods of time spent in custody before sentencing for one offense when the defendant was serving a sentence for another offense during that same time period. In short, the time spent in custody is credited to the sentence being served by the defendant and not the sentence that is later imposed in the second case.

*Shelvy* applied the federal statute which provides that a sentenced defendant shall be given credit "for any days spent in custody *in connection with* the offense or acts for which sentence was imposed." 18 U.S.C. § 3568 (1988) (repealed 1984) (emphasis added). The District of Columbia statute, as noted above, requires credit for pre-sentencing time spent in custody as a "result of" the sentenced offense. D.C.Code § 24–431(a) (1989 Repl.). We can discern no meaningful difference between the two provisions, and there is no suggestion that the Council of the District of Columbia intended that periods of pre-trial incarceration would be credited to the new offense if the defendant was serving a sentence in another case during the same time period. As a result, we conclude that we should apply the *Shelvy* interpretation of the federal statute.

As noted, the District now contends the parole violation warrant was executed when appellant was arrested for the new offense. The record is not clear on that point which was not squarely presented to or relied upon by the trial court. The District concedes that credit should apply to the new offense if the parole violation warrant was not, in fact, validly executed. A remand to clarify whether and when the parole violation warrant was executed is therefore required.

Accordingly, we conclude as the Circuit did in *Shelvy* that, if the parole violation warrant was validly executed while appellant was being held for the new offense, he would not be entitled to receive credit in the new case for time spent after the warrant was executed, since that time would be credited to the sentence for the 1964 conviction. For the reasons previously stated, the case is hereby remanded to the trial court to: (1) determine when the parole violation warrant was validly executed; (2) grant appellant credit, on his sentence for the 1986 conviction, for all time spent in custody between the March 13, 1985, arrest and the date the parole violation warrant was validly executed; and (3) deny appellant credit, on his sentence for the 1986 conviction, for all time spent in custody after the date the parole violation warrant was validly executed.[5]

*So Ordered.*

---

**4.** 18 U.S.C. § 3568 (1976) was repealed by Pub.L. 98–473, 98 Stat.1987 (1984). Credit for pre-sentencing time spent in federal custody is now governed by 18 U.S.C. § 3585 (1988).

**5.** The only factual issue raised relates to the execution of the parole violation warrant, a point not squarely presented to the trial court. Since there were no other disputed factual contentions, and the trial court could decide the issues presented to it upon the pleadings filed, no hearing was required. *See Hill v. Lockhart,* 474 U.S. 52, 60, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985) (no hearing required for *habeas corpus* petition where petitioner failed to allege sufficient prejudice); *cf. Ellerbe v. United States,* 545 A.2d 1197, 1198–99 (D.C.1988). We leave to the trial court the determination of whether a hearing will be required on remand.