**In re Application of 66 North Main Street, A Partnership**

[481 A.2d 1053]

No. 83-616

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed August 3, 1984

*Alan P. Biederman* and *Linda Aylesworth Reis* of *Biederman & Rakow, P.C.*, Rutland, for Plaintiff-Appellee.

*Frank H. Zetelski*, City Attorney, Rutland, for Defendant-Appellant.

**Billings, C.J.** The appellant, City of Rutland (City), appeals from an order of summary judgment for declaratory relief by

2

the Rutland Superior Court in favor of appellee 66 North Main Street, A Partnership (Partnership).

In early 1983, the Partnership applied to the City zoning administrator for a building permit, which was denied. Subsequently, in March, 1983, the Partnership appealed the denial of a building permit, 24 V.S.A. § 4464, and sought a zoning variance from the Zoning Board of Adjustment (Board) for the City. The Partnership sought the variance for the construction of four new office condominium buildings as well as the renovation of a building already located on the 2½ acre site. A hearing was held before the Board in April, 1983; in June the Board issued its findings, conclusions and order denying the variance. Although the Board consists of five members, only three members were in attendance when the vote denying the variance was granted, and only two of those three voted to deny. The third member did not vote.

Pursuant to 24 V.S.A. § 4471, the Partnership appealed the decision of the Board to the Rutland Superior Court. The court ruled that: (1) the Board had failed to issue proper findings of fact, as required by 24 V.S.A. § 4470, in that crucial "findings" were actually conclusions without evidentiary support; (2) the Board's order was invalid because only two members of the five member board signed the order. 24 V.S.A. § 4462(a). Based on these two grounds, the court ruled that the Board had failed to render a decision within the prescribed time and that, therefore, the variance was deemed granted to the Partnership. 24 V.S.A. § 4470.

On appeal to this Court, the City first argues that the superior court erred in its interpretation of 24 V.S.A. § 4462(a). That statute reads, in pertinent part:

> For the conduct of any hearing and the taking of any action, a quorum shall be not less than a majority of the members of the board, and any action thereof shall be taken by the concurrence of a majority of the board.

The City contends that the plain meaning of the statute is that any action taken by the Board must be by a majority of those members present at the time of the vote.

In the construction of a statute, the plain and ordinary meaning of the statutory language is presumed. *In re*

*Middlebury College Sales & Use Tax,* 137 Vt. 28, 31, 400 A.2d 965, 967 (1979). When the language of a statute is plain and unambiguous, this Court must enforce the statute according to its terms. *Marden* v. *Walton,* 142 Vt. 204, 207, 455 A.2d 321, 322 (1982). 24 V.S.A. § 4462(a) does not say, as the City would prefer, that any action of the Board shall be taken by the concurrence of a majority of those members present and voting; § 4462(a) clearly and unambiguously requires that there be a "concurrence of a majority of the board." See 1 V.S.A. § 172 "When joint authority is given to three or more, the concurrence of a majority of such number shall be . . . required in its exercise."). Since only two of the five member Board signed the order denying the variance, the order "was patently defective under the statute . . . ." *City of Winooski* v. *Barnes,* 142 Vt. 27, 30, 451 A.2d 1140, 1141 (1982). As such, we agree with the trial court that the Board failed to render a decision, within 45 days after hearing, as required by 24 V.S.A. § 4470(a). *Potter* v. *Hartford Zoning Board of Adjustment,* 137 Vt. 445, 446–47, 407 A.2d 170, 171 (1979) (defective decision made within 45 day time period construed as no decision at all). By its failure to comply with the prerequisites of 24 V.S.A. § 4462(a), the variance sought by the Partnership devolved upon it as a matter of law. 24 V.S.A. § 4470(a) ("If the board does not render its decision within the period prescribed . . . , the board shall be deemed to have rendered a decision in favor of the appellant and granted the relief requested by him on the last day of such period.") ; *Potter* v. *Hartford Zoning Board of Adjustment, supra,* 137 Vt. at 447–48, 407 A.2d at 172.

Because we affirm based on the invalidity of the Board's order, we decline to address the other issue briefed on appeal.

*Affirmed.*