## In re Richard A. Axelrod, Esq.

[549 A.2d 653]

No. 87-567

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed June 24, 1988

*Stephen S. Blodgett* and *Paul S. Volk* of *Blodgett & Watts*, Burlington, Bar Counsel.

*Sheehey Brue Gray & Furlong*, Burlington, and *Gensburg Axelrod & Adler*, St. Johnsbury, for Respondent.

**Gibson,** J. This case comes to this Court on certification from the Professional Conduct Board (Board) pursuant to V.R.A.P. 5(a). The questions certified are:

(1) Whether Disciplinary Rule 7-107(A) (DR 7-107(A)) applies to defense counsel;
(2) Whether DR 7-107(A) is applicable prior to or during Grand Jury Proceedings; and
(3) Whether DR 7-107(A) is unconstitutional on its face.

Because we conclude that DR 7-107(A) does not apply to defense counsel, we do not reach the other questions.

The salient facts relevant to our decision are as follows. Respondent is an attorney admitted to the practice of law in the courts of this state. In the course of representing a client, respondent read a statement to a newspaper reporter denying certain accusations of criminal activities by his client that had been reported by the local news media. The statement was reported by the news media the following day. A grand jury, which was to be impaneled that same day to investigate the alleged criminal acts,

had to be excused because numerous prospective members had read or heard news accounts of the alleged criminal activity. Subsequently, a complaint was filed with the Board alleging that respondent had violated DR 7-107(A) by the release of information to the news media prior to the impanelling of the grand jury. Respondent replied to the complaint by contending that DR 7-107(A) did not apply to the statements which were the subject of the complaint and that, if the rule did apply, it was unconstitutional as violative of respondent's First Amendment right to freedom of speech under the United States Constitution. The Board then certified the above questions for our resolution.

DR 7-107(A) states in relevant part that: "A lawyer participating in or associated with the investigation of a criminal matter shall not make or participate in making an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication . . . ." The first question certified for our consideration is whether this rule applies to attorneys in the course of their representation of potential criminal defendants. We hold that it does not.

We note initially that other jurisdictions which have addressed the identical issue[1] have found that the rule does not apply to defense counsel. In the leading case on this question, the Seventh Circuit Court of Appeals held that DR 7-107(A) applies only to "attorneys associated with the investigation on behalf of the government." *Chicago Council of Lawyers* v. *Bauer*, 522 F.2d 242, 253 (7th Cir. 1975), *cert. denied sub nom. Cunningham* v. *Chicago Council of Lawyers*, 427 U.S. 912 (1976). We find the court's rationale for this distinction to be persuasive.

> Those attorneys involved in the investigation for the Government are in a different position. They have the ability to influence and ensure proper governmental procedure without resort to public opinion. Moreover, they know what charges may be brought and are a prime source of damaging statements. Admittedly, our formulation may place prosecu-

---

[1] The Vermont Code of Professional Responsibility is based upon the American Bar Association's Code of Professional Responsibility, which has been largely accepted by the vast majority of jurisdictions in this country. Although the Vermont Code has been amended since its adoption in 1971, these revisions do not affect the analysis of this opinion. Also, we note that the A.B.A. has now adopted the Model Rules of Professional Responsibility, which differ significantly from the previous Code of Professional Responsibility.

tors in a difficult position since they may be criticized for a particular investigation but may not publicly respond. This is a situation that competing interests necessitate. Ultimately the prosecutor's response will come in the form of an indictment or information or else the investigation will have ended and his speech will be unrestricted.

*Id.*[2]

We also find, in examining the rule itself, that defense attorneys may not fairly be included within the prohibitions stated in DR 7-107(A).[3] Subsection (A) speaks of "[a] lawyer participating in or *associated with the investigation* of a criminal matter," whereas subsections (B), (D) and (E) speak of "[a] lawyer or law firm *associated with the prosecution or defense* of a criminal matter." DR 7-107(A), (B), (D), (E) (emphasis added). We believe the exclusion of the term "associated with the prosecution or defense" in subsection (A) was intentional. See *Grenafage* v. *Department of Employment Security*, 134 Vt. 288, 290, 357 A.2d 118, 120 (1976) (expressio unius est exclusio alterius). Moreover, the term "participating in or associated with the investigation" would not normally be associated with defense counsel, because defense counsel do not normally participate in the investigation of a criminal matter in the first instance, but, instead, respond to criminal charges after they are brought by the prosecutor following an investigation. Cf. *In re 66 North Main Street*, 145 Vt. 1, 2, 481 A.2d 1053, 1055 (1984) (plain ordinary meaning of statutory language is presumed). We conclude, therefore, that DR 7-107(A) does not apply to statements made by defense counsel.

---

[2] We also note a number of commentators have advocated the same position. See, e.g., Freedman & Starwood, *Prior Restraints on Freedom of Expression by Defendants and Defense Attorneys: Ratio Decidendi v. Obiter Dictum*, 29 Stan. L. Rev. 607, 610 (1977); Comment, *Professional Ethics and Trial Publicity: Another Constitutional Attack on DR 7-107 — Hirschkop v. Snead*, 14 U. Rich. L. Rev. 213, 225-36 (1979).

[3] While we recognize that DR 7-107(A) is a rule, adopted by administrative order pursuant to the power and duty of this Court to regulate the disciplining of attorneys pursuant to Chapter II, § 30 of the Vermont Constitution, and not a legislatively adopted statute, the rules of statutory construction are useful in the analysis of this rule. See generally Dooley, *The Regulation of the Practice of Law, Practice and Procedure, and Court Administration in Vermont — Judicial or Legislative Power?*, 8 Vt. L. Rev. 211 (1983) (distinctions between the Court's inherent rule-making authority and legislative action on the same issue).

In light of our answer to the first certified question, we find it unnecessary to examine the other certified questions. See *In re W.H.*, 144 Vt. 595, 600-01, 481 A.2d 22, 26 (1984) (certified questions on interlocutory appeal may be narrowed where necessary); *Eurich v. Coffee-Rich, Inc.*, 130 Vt. 537, 544, 298 A.2d 846, 850 (1972) (constitutional arguments raised will not be considered where disposition of the case does not require their resolution).

*The first certified question is answered in the negative. The second and third certified questions are not reached as they are not necessary to the disposition of this case. Remanded to the Professional Conduct Board.*