# State of Vermont v. Darrell L. Papazoni

[596 A.2d 1276]

No. 87-429

Present: **Allen, C.J., Gibson, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed February 1, 1991
Motion for Stay of Mandate Denied September 6, 1991

*Gary S. Kessler*, Supervising Appellate Prosecutor, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Morse, J.** The sole issue on appeal from defendant's conviction of driving under the influence, death resulting, is the sufficiency of the evidence to support a jury finding that defendant's intoxicated condition was a proximate cause of the victim's death. We affirm.

In the early morning hours of February 1, 1986, defendant was driving west on Williston Road in South Burlington, a four-lane highway, when his car struck a pedestrian, head on in the left-hand lane as she was crossing the highway from driver's left to right. The victim was intoxicated with a blood-alcohol content of .239%. Evidence was admitted that the victim had become increasingly depressed and had made several suicide attempts during a two-week period before the accident. On this evidence, a jury could reasonably conclude that the victim, either intentionally or recklessly, ran in front of the car. The jury was instructed that a suicidal act would defeat the element of proximate cause and that in such a case defendant should be found not guilty.

Although the evidence of causation—the nexus between defendant's intoxicated state and the collision—was not strong, taken in the light most favorable to the State and excluding modifying evidence, there was sufficient evidence to fairly and reasonably support a finding of proximate cause beyond a reasonable doubt. See *State v. Norton*, 147 Vt. 223, 229, 514 A.2d 1053, 1057 (1986) (for standard of review).

The area traversed by the victim was unobstructed, so defendant would have seen her had he been attentive. Defendant did not slow down or take any evasive action before impact and only slowed after impact when one of his passengers said she was going to be sick. Immediately before reaching the place of the accident, defendant ran a red light. Police observations of defendant after the accident included the usual signs of intoxication; moreover, defendant had a grin on his face and appeared indifferent to the event. The inferences to be drawn from all the facts and circumstances were that defendant's intoxication caused him to be careless in failing to be on the lookout for pedestrians crossing the road and, in addition, caused him to react belatedly to avoid someone in harm's way.

Defendant acknowledges that there is some evidence to support proximate cause but maintains the evidence viewed in

context was so weak that only speculation would support a finding that he could have avoided the accident. Defendant relies on *State v. Rounds*, 104 Vt. 442, 457, 160 A. 249, 254 (1932) ("causal connection between death of the decedent and the unlawful acts of the [defendant] cannot be supported on mere conjecture and speculation"). It is not an unreasonable judgment to conclude that the victim's behavior contributed in large measure to her demise, whether it be suicidal or alcohol-induced recklessness. On the other hand, the evidence points persuasively to fault on defendant's part in failing to see and appreciate the decedent's plight and to take defensive measures to avoid hitting her. The jury could reasonably have concluded that defendant's actions were "*the* cause of death; not merely *a* cause of death." *State v. Yudichak*, 151 Vt. 400, 403, 561 A.2d 407, 409 (1989).

What defendant proposes in this appeal is that we acknowledge that the victim might have stood in the center of the highway and jumped in front of his car when it was too late for him to avoid her even if he had been sober and alert. Acknowledging that this hypothesis is a reasonable one, however, does not help defendant because we have rejected the doctrine that once required acquittal. *State v. Derouchie*, 140 Vt. 437, 442–45, 440 A.2d 146, 148–50 (1981) ("reasonable hypothesis of innocence" test overruled).

*Affirmed.*