## In re David and Linda WALKER

[588 A.2d 1058]

No. 88-584

February 11, 1991. David and Linda Walker were granted a conditional use permit by the Waterbury Zoning Board of Adjustment to construct an office and light industrial building in the Route 100 district of Waterbury. On appeal by the Walkers' neighbor, Peter Watts, the Washington Superior Court granted the permit after a de novo hearing. Peter Watts appeals and we affirm.

Appellant argues that since the Waterbury ordinance governing conditional uses fails to comply with 24 V.S.A. § 4407(2), the ordinance is invalid. Specifically, the ordinance contains no requirement that a proposed conditional use shall not adversely affect the utilization of renewable energy resources, a requirement added to the statute in 1980. See 24 V.S.A. § 4407(2). The failure of a municipal ordinance to enunciate the mandatory statutory requirements of § 4407(2) does not render the ordinance invalid. *In re Duncan*, 155 Vt. 402, 405, 584 A.2d 1140, 1142 (1990). A municipal ordinance must be read to include the statutory requirements of 24 V.S.A. § 4407(2), and those requirements will govern whether or not they are expressly set forth in the ordinance. *In re White*, 155 Vt. 612, 619, 587 A.2d 928, 931–32 (1990). In *In re White*, the party challenging the ordinance did not contend that the trial court failed to follow the relevant statutory criteria. *Id.* Similarly, in this case, the trial court found that neither party raised the issue of the utilization of renewable energy resources. The failure of the Waterbury ordinance to include that requirement does not render the ordinance invalid.

Appellant also argues that the trial court erred in applying a "substantially materially adverse impact test" to evaluate the proposed conditional use. Title 24 V.S.A. § 4407(2) permits municipalities to adopt zoning regulations for conditional uses, but requires that a proposed conditional use "shall not adversely affect" certain enumerated general standards. The Court must interpret a statute consistently with legislative intent. In doing so, we presume that the Legislature intended a rational result. *Lubinsky v. Fair Haven Zoning Board*, 148 Vt. 47, 49–50, 527 A.2d 227, 228 (1986). Clearly, the Legislature intended to allow municipalities to grant conditional use permits. Appellant argues that if *any* adverse effect is found, the permit must be denied. Any conditional use will have some adverse effect, however. If appellant's approach were adopted, it would require the denial of all conditional use permits, an irrational result contrary to legislative intent. Cf. *In re Patch*, 140 Vt. 158, 168–69, 437 A.2d 121, 125 (1981) (noting that literal interpretation of an Act 250 statute "would virtually preclude landfills" in Vermont). The trial court's utilization of a material-adverse-effect standard to appraise the permit application facilitates a rational result consistent with legislative intent and sound statutory interpretation. The trial court did not err by applying such a standard.

*Affirmed.*