# State of Vermont v. Darrell L. Papazoni

[622 A.2d 501]

No. 92-437

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed January 8, 1993

Motion for Reargument Denied February 1, 1993

*Scot L. Kline*, Chittenden County State's Attorney, and *Pamela Hall Johnson*, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*E.M. Allen*, Defender General, and *William Nelson*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Dooley, J.** In 1987, defendant Darrell Papazoni was convicted of driving under the influence, death resulting, and was sentenced to a term of three to fifteen years, all suspended except one year. The conviction was upheld by this Court, *State v. Papazoni*, 157 Vt. 337, 338, 596 A.2d 1276, 1277 (1991), and defendant unsuccessfully pursued habeas corpus relief in federal court. Throughout defendant's challenges to his conviction, execution of the unsuspended part of the sentence was stayed and he was placed on probation. While the federal appeal was pending, defendant completed his probation and was discharged. He

argued below that the discharge from probation relieved him of all further obligations for the crime, including the one-year prison sentence, and has appealed from the refusal of the district court to release him. We affirm.

Defendant's argument is based on 28 V.S.A. § 255, which provides:

> Upon the termination of the period of probation or the earlier discharge of the probationer in accordance with section 251 of this title, the probationer shall be relieved of any obligations imposed by the order of the court and shall have satisfied his sentence for the crime.

Defendant relies on the plain meaning of the statute. He argues that because he fulfilled his probationary obligation, he "satisfied his sentence for the crime" and cannot be required to fulfill his prison sentence. The State argues, to the contrary, that the statute does not apply to split sentences like that given to defendant and does not mandate his release.

We ordinarily rely on the plain meaning of the words to construe statutes because we presume that it shows the intent of the Legislature. See *Hill v. Conway*, 143 Vt. 91, 93, 463 A.2d 232, 233 (1983). Indeed, we have abandoned giving effect to plain meaning only in "narrow and particular circumstances," *Dykstra v. Property Valuation & Review Division*, 156 Vt. 215, 218, 591 A.2d 63, 65 (1991), because presumably the Legislature was aware of the words it used and their meaning. See *State v. Camolli*, 156 Vt. 208, 213, 591 A.2d 53, 56 (1991). Nevertheless, our overriding goal in construing a statute is to discern the intent of the Legislature. *In re C.S.*, 158 Vt. 339, 343, 609 A.2d 641, 643 (1992). When that intent conflicts with the plain meaning of the statute, "'we are not confined to a literal interpretation of the statutory language.'" *Id.* (quoting *State v. Baldwin*, 140 Vt. 501, 511, 438 A.2d 1135, 1140 (1981)).[1]

---

[1] The dissent relies on an overly rigid view of the plain meaning rule. As we emphasized in *Hill v. Conway*, it is not our intention to "denigrate the validity of the plain meaning rule. However, like all other rules of statutory construction, it is no more than an aid in our efforts to determine legislative intent." 143 Vt. at 93, 463 A.2d at 233. Whatever the language chosen in our opinions, we have never enforced the plain meaning of a statute where we

If we must look beyond plain meaning, numerous other aids exist that are helpful in statutory construction. For example, we normally look at "'the subject matter, its effects and consequences, and the reason and spirit of the law.'" *Nash v. Warren Zoning Board of Adjustment*, 153 Vt. 108, 112, 569 A.2d 447, 450 (1989) (quoting *In re R.S. Audley, Inc.*, 151 Vt. 513, 517, 562 A.2d 1046, 1049 (1989)).

██ Another construction aid is helpful in this case. Section 255 is taken from § 301.2(3) of the Model Penal Code, see 10 U.L.A. 599 (1974), a familiar source of drafting for Vermont criminal justice statutes. See *State v. Francis*, 151 Vt. 296, 305, 561 A.2d 392, 397 (1989) (13 V.S.A. §§ 1023 and 1021 are derived from the Model Penal Code). When our statute is taken from a model act, it is often helpful to examine the intent behind the model act. See *Martel v. Stafford*, 157 Vt. 604, 608, 603 A.2d 345, 348 (1991). It is helpful in this case because the State argues that § 255 was not intended to be applied to split sentences of the type involved here. The Model Penal Code prohibits such a split sentence, except in the optional and very limited circumstance where a short prison term of up to thirty days in jail is imposed as a condition of probation. See Model Penal Code §§ 6.02(3)(d), (b), 301.1(3) in 10 U.L.A. 506–07, 598 (1974). Thus, the circumstance present here — that a prison sentence remained to be served after the expiration of probation — could not happen under the Model Penal Code.[2] When the drafters of the Model Penal Code stated that a defendant discharged from probation "shall have satisfied his sentence for the crime," the

have found it to be at variance with legislative intent. We stated in *Paquette v. Paquette*, the main case relied upon by the dissent, that plain meaning does not control "if doubts exist *or* if the statute is ambiguous." 146 Vt. 83, 86, 499 A.2d 23, 26 (1985) (emphasis supplied). This is a case where "doubts exist."

[2] If the short sentence were used under the Model Penal Code and the probationer were discharged before the sentence was served, the result would be that defendant would not have to serve the sentence *because the state could no longer enforce the probation condition.* See *State v. Murray*, 159 Vt. 198, 205, 617 A.2d 135, 139 (1992); *State v. White*, 150 Vt. 132, 134–35, 549 A.2d 1069, 1071 (1988). That result is clearly intended by the Model Penal Code as the necessary corollary of making the sentence a condition of probation. The situation is very different here because the jail sentence is wholly separate from the probation.

reference necessarily was to the probationary sentence alone, because that was the only sentence possible under the Code.

We conclude that the drafting history is sufficient to show that we should not woodenly apply the plain meaning rule as urged by defendant. Unfortunately, the combination of model acts and locally drafted provisions often does not produce a "seamless web."[3] *Martel*, 157 Vt. at 609, 603 A.2d at 348. We can think of no reason why the Legislature would have intended defendant to avoid his prison sentence because he has fulfilled his probationary term, and defendant has provided us with none. The fulfillment of probation resulted from the extensive appellate delay as the case wended its way through the state and federal courts. Certainly, the Legislature never intended that appellate delay would obviate the need for appropriate punishment. We avoid construing statutory language in a way that produces an irrational result. See *In re Walker*, 156 Vt. 639, 639, 588 A.2d 1058, 1059 (1991) (mem.) (Court presumes Legislature intended rational result). To implement legislative intent and prevent such a result, we construe § 255 as applying only to the part of defendant's sentence imposing probation. It has no application to his prison sentence. Finally, we address defendant's argument that the district court, in discharging defendant from probation, specifically intended to modify his sentence to eliminate the requirement of incarceration. The record discloses no such intent. The probation officer's report, on which the court relied to discharge defendant from probation stated:

> The only unresolved aspect in this case has been the one year portion of the sentence to serve which was stayed pending appeal.

> . . . .

---

[3] Although we have focused on the last few words of the statute, there is also uncertainty regarding the meaning of the phrase "the probationer shall be relieved of any obligations imposed by the order of the court." The term "order of the court" is not used in surrounding statutes and thus has no obvious context. The nearby provisions of the Model Penal Code clearly indicate that the reference is to the order imposing probation. See Model Penal Code § 301.1(2) in 10 U.L.A. 597 (1974). Vermont did not adopt these sections.

It was also concluded that the one year sentence can be imposed (once appeals have been exhausted) after discharge from probation.

Further, the judge who denied defendant's motion for release was the judge who discharged him from probation. There is no indication that she thought she was striking the prison sentence when she performed this discharge. To the contrary, her refusal to release defendant is evidence that she never intended to strike the sentence.

*Affirmed.*

**Allen, C.J.** dissenting. I respectfully dissent because the language of 28 V.S.A. § 255 is plain and unambiguous, and it is the function of this Court to enforce the plain meaning of the statute. Where the meaning of a statute is unambiguous, it must be enforced according to its terms, *In re 66 No. Main Street*, 145 Vt. 1, 3, 481 A.2d 1053, 1055 (1984), and "there is no need for construction." *Paquette v. Paquette*, 146 Vt. 83, 86, 499 A.2d 23, 26 (1985). I find no "narrow and particular circumstances," *Dykstra v. Property Valuation & Review Division*, 156 Vt. 215, 218, 591 A.2d 63, 65 (1991), which would permit a deviation from the rule that the plain meaning of statutory language will be enforced. While relief from service of the one-year prison term may not have been what the trial court intended, the statute clearly and unequivocally requires it. The result can be easily avoided in future cases by more careful drafting of the terms of probation. See *State v. Murray*, 159 Vt. 198, 202–06, 617 A.2d 135, 137–39 (1992) (general language of probation agreement insufficient to allow court to extend the duration of defendant's probation where specific term of probation agreement provided a limited probation period); *State v. White*, 150 Vt. 132, 135, 549 A.2d 1069, 1072 (1988)(same). We should not use a strained and tortured construction of a statute to achieve a desired result. I would reverse.

I am authorized to say that Justice Gibson joins in this dissent.