**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Pilgrim Partnership, LLC}     Docket No. 49-3-03 Vtec
                }
                }
                }
                }

Decision and Order on ' 2.3(E) Use Categories

Appellant Pilgrim Partnership, LLC, appealed from a decision of the Development Review Board (DRB) of the Town of Moretown denying conditional use approval for its proposed project. Appellant is represented by David R. Bookchin, Esq.; the Town of Moretown is represented by Paul S. Gillies, Esq., and is not taking an active role in these proceedings; Interested Person Joseph Bahr is represented by Charles F. Storrow, Esq. An evidentiary hearing was held in this matter on July 14, 2003 before Merideth Wright, Environmental Judge, on the issue of whether those elements of the proposed project not in an enumerated allowable use category nevertheless may be considered for conditional use approval under ' 2.3(E). The parties presented oral argument on this issue at the hearing, after which the Court took a site visit to the proposed site in Moretown, and also to Appellant=s existing site in Waterbury to see the trucks and equipment parked at that site. Upon consideration of the evidence and the oral argument, the Court finds and concludes as follows on the ' 2.3(E) issue only. Some factual findings from the July 7, 2003 order are repeated here for ease of reference.

Appellant=s property is a 7.25-acre parcel of land with frontage on Route 2, Route 100, and Cobb Hill Road, in the Commercial zoning district of the Town of Moretown, near the Waterbury town line. Appellant proposes to create three areas under condominium ownership, and to develop condominium areas A and B, consisting of approximately four acres, to be used by S.T. Paving, Inc., itself and d/b/a Vermont Tennis Courts.

Appellant proposes to construct a 7,200-square-foot building (60' x 120') to be used for a business office, indoor storage of inventory and materials used in the business, and indoor maintenance of registered and unregistered vehicles and construction equipment used in the business. In addition, Appellant proposes outdoor areas for employee parking, parking of trucks and equipment, and limited materials storage. The only outdoor storage of materials now proposed is in a fenced area to the east of the building; the only materials now proposed to be stored are A Har Tru,@ a tennis court surfacing material stored in bags on pallets, and tennis court fencing stored in rolls. The fencing is ordered as needed for particular jobs; an inventory of it is not kept on site. Appellant no longer proposes to store aggregate or recyclable asphalt pieces on the property in the bins formerly proposed closest to Cobb Hill Road, and no longer proposes to spread soft asphalt at the site for hardening into pieces capable of being handled for recycling.

Appellant=s work season runs from mid-April to mid-November. All of the tennis court and paving work performed is performed off site. In season, twenty-one people are on the payroll, but only three or four work on site. The remainder either go directly to the job site or come in to the office for 15 to 30 minutes at the beginning and the end of the work day to leave their personal vehicles and pick up the vehicles, equipment and materials needed for the job. When possible, the large equipment is left at a work site or moved from one work site directly to another. The vehicles and motorized equipment currently owned and used by S.T. Paving are the following: three 1999 Volvo tri-axle dump trucks; one 2000 Freight-line tractor; one lowboy trailer; one 25-ton flatbed trailer; two pavers; four rollers; two graders; one small backhoe/loader; three pickup trucks; two rack trucks; and one shoulder widener.

The July 7, 2003 order determined that the following uses proposed for the property should be considered[1] under ' 2.3(E):

The outdoor storage of materials used in the business, which now only involves the outdoor storage of bagged tennis court surfacing material and tennis court fencing.

The indoor maintenance of registered vehicles (and those capable of being registered), used in the business, and the indoor maintenance of construction equipment used in the business.

The outdoor parking of registered vehicles (and those capable of being registered), used in the business, including employees= passenger vehicles, and the outdoor parking of construction equipment used in the business.

For each of the ' 2.3(E) uses, the Court must determine that the use is of the same general character as the allowed uses in the district, and must also determine that the use will not adversely affect[2] other uses within the district or adjoining properties. If the proposed use meets those standards, then it may be considered under the conditional use standards and must meet the other general and specific standards set forth in the regulations, for which the evidentiary hearing is scheduled for Friday, July 18, 2003.

The outdoor storage of bagged tennis court surfacing material and tennis court fencing is of the same general character as the allowed use categories of > town garage,= within the use category of > Public Facilities/Services= in Table 2.2(3)(22) and of the sort of > Retail Store,= in Table 2.2(3)(25), such as a garden supply, farm supply or hardware store, that carries bagged materials and fencing stored outside. This outdoor storage will not have a substantial and material adverse effect on other uses in the Commercial district or on adjoining properties, if considered as a conditional use under the conditional use standards and the other general and specific standards of the regulations, including the potential for imposing limiting conditions to meet those standards.

The indoor maintenance of Appellant= s registered vehicles (and those capable of being registered) and construction equipment is of the same general character as the allowed use categories of >town garage,= within the use category of > Public Facilities/Services= in Table 2.2(3)(22), of > Sanitary Landfill= in Table 2.2(3)(26), and the vehicular service component of the use categories A Automobile Sales and Service= (Table 2.2(3)(3)) and > Gasoline Station= (Table 2.2(3)(12)). This indoor maintenance will not have a substantial and material adverse effect on other uses in the Commercial district or on adjoining properties, if considered as a conditional use under the conditional use standards and the other general and specific standards of the regulations, including the potential for imposing limiting conditions to meet those standards.

The outdoor parking of registered vehicles (and those capable of being registered) and construction equipment used in the business. is of the same general character as the allowed use categories of > town garage,= within the use category of > Public Facilities/Services= in Table 2.2(3)(22), of > Sanitary Landfill= in Table 2.2(3)(26), and the outdoor parking component of the use categories A Automobile Sales and Service= (Table 2.2(3)(3)) and > Gasoline Station= (Table 2.2(3)(12)). This outdoor parking will not have a substantial and material adverse effect on other uses in the Commercial district or on adjoining properties, if considered as a conditional use under the conditional use standards and the other general and specific standards of the regulations, including the potential for imposing limiting conditions to meet those standards.

The outdoor parking of Appellant= s employees= passenger vehicles may be considered separately as an accessory use to the business, under Table 2.2(3)(2).

Accordingly, all the components of Appellant= s proposal may be considered for approval as conditional uses under the Moretown Zoning Regulations, under the conditional use standards

and the other general and specific standards of the regulations. The hearing on the merits of the application remains scheduled for Friday, July 18, 2003, at the Courthouse on Main Street in Barre, beginning at 9:00 a.m.

Dated at Barre, Vermont, this 15th day of July, 2003.


_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1.] Some of these may also qualify for consideration as accessory uses (a conditional use).

[2.] The Vermont Supreme Court has held that this "adverse effect" test must be applied reasonably to prohibit only substantial and material adverse effects. In re Appeal of Miller, 170 Vt. 64, 69 (1999); and see In re Walker, 156 Vt. 639 (1991) (mem.)