# STATE OF VERMONT

SUPERIOR COURT
Vermont Unit

ENVIRONMENTAL DIVISION
Docket No. 129-9-12 Vtec

| Hinesburg Hannaford CU (Hrs. of Operation) |
|---|

## ENTRY REGARDING MOTION

Title:        Motion for Partial Summary Judgment (Motion 5)
Filer:        Martin's Foods of So.Burlington
Attorney:   Christopher D. Roy
Filed Date:  September 3, 2014

Response filed on 10/06/2014 by Attorney James Allan Dumont for Appellants Wendy Patterson et al.

**The motion is GRANTED.**

Martin's Foods of South Burlington, LLC (Applicant) proposes to construct a 36,000 square foot Hannaford grocery store and pharmacy with associated parking on Lot 15 of the Commerce Park subdivision (the Project) in the Town of Hinesburg, Vermont (the Town). This development proposal requires multiple state and local land use permits and decisions, all of which, it seems, have been appealed or cross-appealed to this Court by Applicant or a group of interested persons opposed to the Project (Appellants). In a decision issued contemporaneous with this entry order, we address cross-motions for partial summary judgment in the three related site plan appeals, as well as a motion to dismiss this appeal and all other municipal appeals related to this Project for lack of jurisdiction. For the factual background relevant to this motion we direct the reader to that decision. As this motion relates only to the Project's conditional use approval, we answer it separately in this entry order.

Applicant now moves for summary judgment on Questions 1 and 2 of Appellants' Statement of Questions, arguing that those Questions involve the related site plan applications and not the conditional use application that is the subject of this appeal. Appellants agree and in their reply to Applicant's motion withdraw those two Questions. We therefore **GRANT** Applicant's motion for summary judgment and **DISMISS** Appellants' Questions 1 and 2 from this appeal.

Applicant also moves for summary judgment on Appellants' Question 6. That Question asks:

Because the application was filed prior to September 1, 2011, and because the zoning ordinance uses the standard of "no adverse impact" (rather than no

"undue" adverse impact), under 24 V.S.A. §§ 4407, 4414 and 4481 does the applicant have the burden of proving "no adverse impact" rather than no undue adverse impact?

(Revised Statement of Questions for Appeal by Appellants at 2, filed Dec. 3, 2012).

This Court will grant summary judgment where a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). As Question 6 raises a purely legal issue, it is appropriately addressed by motion for summary judgment.

We have held, and the Vermont Supreme Court has found no error in our finding, that the standard for "undue adverse effect" is "'interchangeable in application' to the determination of whether a development will have an adverse effect." In re Grp. Five Invs. CU Permit, 2014 VT 14, ¶ 12 (citing In re Times & Seasons, LLC, 2008 VT 7, ¶ 8, 183 Vt. 336). This is because in the zoning context "the adverse effect test must be applied reasonably to prohibit only substantial and material adverse effects." In re Miller, 170 Vt. 64, 69 (1999) (citing In re Walker, 156 Vt. 639, 639 (1991)). We therefore interpret the "adverse effects" provision of Town of Hinesburg Zoning Regulations (Regulations) consistently with the "undue adverse effect" definition from the Quechee analysis under Act 250 Criterion 8. Grp. Five Invs., 2014 VT 14, at ¶¶ 12, 14, 15.

Thus, although the Regulations use the standard of "no adverse impact" this Court interprets that consistently with Supreme Court precedent to mean no "substantial and material" adverse impacts. Miller, 170 Vt. at 69 (1999) (citing In re Walker, 156 Vt. 639, 639 (1991)). We therefore answer Appellants' Question 6 in the negative; Applicant does not have the burden of proving "no adverse impact" but must only show no substantial and material adverse impact which we have interpreted to be roughly the same as showing no "undue" adverse impact. We therefore **GRANT** Applicant's motion for partial summary judgment and conclude that although the Regulations use the standard "no adverse impact," under 24 V.S.A. §§ 4407, 4414 and 4481 Applicant has the burden of proving "no undue adverse impact."

Appellants' Questions 3–5 and 7–8 remain for trial.

Electronically signed on March 04, 2015 at 02:29 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
James Allan Dumont (ERN 1948), Attorney for Appellant Mary Beth Bowman
James Allan Dumont (ERN 1948), Attorney for Appellant Judith Chafee

James Allan Dumont (ERN 1948), Attorney for Appellant Geoffrey Gevalt
James Allan Dumont (ERN 1948), Attorney for Appellant Catherine Goldsmith
James Allan Dumont (ERN 1948), Attorney for Appellant Jean Kiedaisch
James Allan Dumont (ERN 1948), Attorney for Appellant Richard Palieri
James Allan Dumont (ERN 1948), Attorney for Appellant Sally & Chuck Reiss
James Allan Dumont (ERN 1948), Attorney for Appellant Heidi Simkins
James Allan Dumont (ERN 1948), Attorney for Appellant Alice & Robert Merritt
James Allan Dumont (ERN 1948), Attorney for Appellant Richard Watts
James Allan Dumont (ERN 1948), Attorney for Appellant Gay Regan
James Allan Dumont (ERN 1948), Attorney for Appellant Wendy Patterson
Ernest M. Allen (ERN 3968), Attorney for Interested Person Town of Hinesburg
Christopher D. Roy (ERN 1352), Attorney for Appellee Martin's Foods of So.Burlington
Interested Person James E. Collins
Interested Person Anita Collins
Interested Person Bill Moller
Interested Person David Lyman
Interested Person Barbara Lyman
Interested Person Gill B. Coates
Interested Person Kim G. Coates
Interested Person John K. Lyman
Interested Person Elly Coates
Interested Person Robert G. Farley
Interested Person Vicki Matthews
Interested Person Leonard Duffy
Interested Person Ann Thomas
Interested Person Veronica Estey