NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 19

No. 2017-122

| | |
|---|---|
| Chris Khamnei | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Civil Division |
| | |
| Burlington Public Works Commission | November Term, 2017 |

Robert A. Mello, J.

Chris C. Khamnei, Pro Se, Burlington, Petitioner-Appellant.

Eugene M. Bergman, Senior Assistant City Attorney, Burlington, for Respondent-Appellee.

PRESENT: Reiber, C.J., Robinson, Eaton and Carroll, JJ., and Davenport, Supr. J. (Ret.), Specially Assigned

¶ 1. **EATON, J.** Applicant Chris Khamnei appeals a decision of the superior court affirming the Burlington Public Works Commission's denial of his request for permits to complete plumbing work in a building he owns because he failed to identify the name of a licensed professional plumber who would perform the work. On appeal, applicant argues that the applicable statute and accompanying regulations allow property owners to perform this type of work without a plumbing license. We affirm.

¶ 2. The underlying facts are not disputed. Applicant owns property located in Burlington, Vermont. Applicant does not reside in the property. In February 2016, he submitted applications for two permits to perform plumbing work at the property, which he described as follows: (1) connect a hot-cold water supply to a Jacuzzi instant hot water heater, and (2) repair a

deteriorated cast iron sewer-waste pipe. The city plumbing inspector determined that that this work required a licensed professional plumber, and because applicant had failed to identify one, denied the permit.

¶ 3. Applicant appealed to the Burlington Public Works Commission. Before the Commission, he argued that the statute exempted property owners or their maintenance workers from the obligation of having a licensed individual perform the type of work that applicant was proposing. The Commission held a hearing at which both applicant and the plumbing inspector appeared. The plumbing inspector testified regarding the scope of work that would be required to perform the tasks that applicant had listed on the permit applications. The inspector stated that to connect the water supply to the new Jacuzzi water heater would require installation of shut-off and anti-scald valves as well as an expansion tank, and that to replace the cast iron pipe would entail disconnecting branch lines and installing updated fittings. The inspector opined that this work was more than maintenance, repair, or alteration, and thus fell outside of the statutory exception to the requirement that a licensed plumber perform the work. The Commission took a narrow view of the statutory exceptions in light of the licensing and permitting laws' purpose of protecting public health, safety, and welfare. The Commission concluded that the work described was more than simple maintenance, repair, or alteration, and affirmed the plumbing inspector's decision.[1]

¶ 4. Applicant appealed the Commission's decision to the superior court, which conducted an on-the-record review. See V.R.C.P. 74 (providing review of agency action when appeal is provided by statute); In re Soon Kwon, 2011 VT 26, ¶ 6, 189 Vt. 598, 19 A.3d 139 (mem.) (explaining that review of agency decisions is presumed to be "on-the-record"). The parties submitted legal memoranda in support of their positions. The court concluded that the statutory

---

[1] The Commission's decision was split three to three, which resulted in an affirmance of the plumbing inspector.

2

exemptions did not apply and affirmed the decision of the Public Works Commission. Applicant then appealed to this Court.

¶ 5. When there is an intermediate level of appeal from a decision of an administrative body, this Court applies the same standard of review as in the intermediate appeal. Rhoades Salvage/ABC Metals v. Town of Milton Selectboard, 2010 VT 82, ¶ 13, 188 Vt. 629, 9 A.3d 685 (mem.). As applied in this case, this Court must determine, like the superior court, whether the facts developed before the Public Works Commission demonstrate there was a "reasonable basis" for its decision. See State Dep't of Taxes v. Tri-State Indus. Laundries, Inc., 138 Vt. 292, 294, 415 A.2d 216, 218 (1980) ("[J]udicial review of agency findings is ordinarily limited to whether, on the record developed before the agency, there is any reasonable basis for the finding."). Findings of fact will be affirmed if supported by the evidence. In re Agency of Admin., 141 Vt. 68, 74-75, 444 A.2d 1349, 1352 (1982).

¶ 6. We begin with the statutory framework. Pursuant to statute, "[a]ll plumbing and specialty work performed in Vermont shall be performed by persons licensed under [the plumbing] chapter." 26 V.S.A. § 2198(a). The statute contains seven exceptions to this licensing requirement. One applies to single-family owner-occupied dwellings and broadly exempts "[a]ny plumbing and specialty work performed by an owner or the owner's regular employees." Id. § 2198(a)(1). The two most relevant to this appeal exempt certain types of work performed either by the owner or a regular maintenance worker on an owner's property not occupied by the owner.

¶ 7. Section 2198(a)(3) exempts from the licensing requirement work performed by "[a] person who regularly employs a maintenance person whose duties include the maintenance of plumbing on the property of that person." Applicant agrees that the work he proposes is not "maintenance." He contends, however, that there was an error in the statutory drafting and that the statute should be read to also exempt installation. Some statutory history is necessary to understand this argument. The provision at issue was adopted in 1959, and exempted work by "[a]

3

person who regularly employes [sic] a maintenance man whose duties include installation and maintenance of plumbing on the property of that person." 1959, No. 215, § 16(c). The statute was amended 1969 and 1979, but neither amendment changed the language of § 2198(a)(3). See 1969, No. 84, § 9; 1979, No. 122, § 6 (Adj. Sess.). In 1994, § 2198(a) was substantially amended. 1993, No. 176, § 18 (Adj. Sess.). The session law indicates the changes that were made by indicating deleted language with a bracket and asterisk while showing added language with underlining. Many changes are indicated in this manner throughout § 2198(a). Although the text of (a)(3) is not bracketed or underlined, two changes to the text appear in the session law: first, "maintenance man" is changed to "maintenance person"; and second, "installation and" is removed. The revised provision, which remains in effect, exempts work by "[a] person who regularly employs a maintenance person whose duties include the maintenance of plumbing on the property of that person." 26 V.S.A. § 2198(a)(3).

¶ 8. Applicant argues that because the changes to § 2198(a)(3) were not properly notated in the session law, there was a mistake and therefore the words "installation and" should be read back into the statute. In construing statutes, our "principal goal is to effectuate the intent of the Legislature." Tarrant v. Dep't of Taxes, 169 Vt. 189, 197, 733 A.2d 733, 739 (1999). We first look to the language and give effect to the plain meaning of the statutory language used "because we presume that it shows the intent of the Legislature." State v. Papazoni, 159 Vt. 578, 580, 622 A.2d 501, 503 (1993). If the language is ambiguous, "legislative intent must be determined through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law." Tarrant, 169 Vt. at 197, 733 A.2d at 739.

¶ 9. Here, the statute as written is unambiguous. It exempts maintenance, not installation. Applicant's argument is that "installation and" should be read back into the statute because it was not properly removed in the session law. He asserts that removal of "installation

4

and" was a mistake. Courts in general are very cautious to make changes to the express language used by the Legislature unless it is evident that the language does not promote the intent of the statute. See In re C.S., 158 Vt. 339, 343, 609 A.2d 641, 643 (1992) ("We may correct a statute whose language does not promote the intent of the Legislature due to clerical error in transcription, writing, or redrafting."); see also Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs., 89 S.W.3d 884, 889 (Ark. 2002) ("This court is very hesitant to interpret a legislative act in a manner contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent."). Courts supply words to a statute under very limited circumstances including where necessary "to avoid repugnancy or inconsistency with legislative intent" or where "words obviously are omitted." 2A N. Singer, Sutherland Statutory Construction § 47:38 (7th ed.). The Indiana Supreme Court set forth the following test:

> courts may provide minor omissions or make minor substitutions in the enactments of the legislature where (1) such action is necessary in order to give vitality to or prevent absolute absurdity in the acts of the legislature; (2) an omission has occurred or a correction is necessary because of a clerical or typographical error; (3) the legislation, as enacted, was obviously not within the comprehension of the legislative body, and (4) the legislative intention, with respect to the enactment, is clear.

Woerner v. City of Indianapolis, 177 N.E.2d 34, 38 (Ind. 1961).

¶ 10. These narrow exceptions do not apply in this case.[2] While it is evident that the statutory language was altered without the proper notation in the session law, it is not obvious that the revision was done erroneously. The revisions in § 2198(a)(3) are not contrary to the purpose of the statute and do not produce an absurd result. In fact, the alterations to § 2198(a)(3) are consistent with the other changes made at that time and with the overall intent of the statute. The

---

[2] There is no support for applicant's assertion that because the alterations to § 2198(a)(3) were not shown in the session law, the law as written in 1959 remains in force. Although the revisions were not identified, the amended statute was enacted by the Legislature and became law. Therefore, to read "installation and" back into the statute would require this Court to revise the existing language.

5

first alteration changed "maintenance man" to "maintenance person" and this was in keeping with other changes made in the same session law to adopt gender-neutral language. Further, deleting installation from the exception is consistent with other changes made at the time, which indicate a desire by the Legislature to provide broader public protections and to define exceptions more precisely. For example, the purpose of the chapter, which is to "protect and improve the general health and welfare of" Vermonters through regulation and use of licensed individuals, 26 V.S.A. § 2171, was revised in 1994 to expand its reach to "water treatment, domestic supply and hydronically related hot water heating." 1993 No. 176, § 1 (Adj. Sess.). In addition, the change to the owner-occupied exception in § 2198(a)(1) made at the same time supports a conclusion that "installation and" in § 2198(a)(3) was purposefully removed. The exception related to work in an owner-occupied dwelling was revised to delete the reference to "Installation and maintenance" and replace it with "Any plumbing and specialty work." 1993 No. 176, § 18 (Adj. Sess.). It is logical that the Legislature would make the exception for work done by an owner in an owner-occupied single dwelling broader than the exception for work done by a maintenance person in a rental property because the need for public protection is greater in a rental property where there could be a larger number of people living, and the person working on the property does not live there and may not be known to the occupants.

¶ 11. For these reasons, we decline to read "installation and" into § 2198(a)(3) and apply its language as written. Given applicant's concession that the work he proposed was not maintenance, this exception does not relieve applicant of the obligation to have a licensed individual perform the work he proposed.

¶ 12. Applicant also argues that the work did not require a licensed plumber under the statutory exemption for work performed by "[a] person who performs miscellaneous jobs of manual labor on the person's own property in the course of which plumbing repairs or alterations are made." 26 V.S.A. § 2198(a)(5). Applicant asserts that under this exemption, he, as the

6

property owner, does not require a license to do the plumbing work that he proposed in his permit application.[3]

¶ 13.  To ascertain whether the work applicant proposes fits within the statutory exemption involves questions of law and fact.  The scope of the work to be performed is a factual question; the meaning of the statutory language is a legal question.  As to the factual determination, the Commission credited the testimony of the plumbing inspector that the work proposed by applicant required installation of additional plumbing fixtures, including shut-off and anti-scald valves, an expansion tank, and updated fittings.  On appeal, we employ the same standard as the superior court and give deference to the findings of the Commission.  Soon Kwon, 2011 VT 26, ¶ 7.  Because these findings are supported by the evidence, we accept them on appeal.  Therefore, we must determine whether there was a reasonable basis for the Commission's decision that the work proposed was not "repairs or alterations" within the meaning of § 2198(a)(5).  See Soon Kwon, 2011 VT 26, ¶ 6 (explaining that this Court will affirm agency decision that has "any reasonable basis").

¶ 14.  The terms "repairs" and "alterations" are not defined in the statute.  "Words that are not defined within a statute are given their plain and ordinary meaning, which may be obtained by resorting to dictionary definitions."  Franks v. Town of Essex, 2013 VT 84, ¶ 8, 194 Vt. 595, 87 A.3d 418.  "Repairs" is defined by the Cambridge dictionary as "to put something that is damaged, broken, or not working correctly, back into good condition or make it work again." Repair, Cambridge Dictionary (2018), https://dictionary.cambridge.org/dictionary/english/repair [https://perma.cc/E279-JB2B].  "Alteration" is defined as "a change, usually a slight change, in

---

[3] In contrast to the exemption in § 2198(a)(3), the exemption in § 2198(a)(5) applies only to work performed by the owner of the property.  In his application, applicant did not identify who would perform the work on his property.  The Commission's factual findings indicate that applicant testified that he employs a person capable of performing maintenance work.

the appearance, character, or structure of something." Alteration, Cambridge Dictionary (2018), https://dictionary.cambridge.org/dictionary/english/alteration [https://perma.cc/7NP6-EPWQ].

¶ 15.    The statutory scheme and the statutory purpose also provide some guidance about the intended scope of repairs and alterations.  See State v. Love, 2017 VT 75, ¶ 9, __ Vt. __, 174 A.3d 761 ("If the statutory language provides insufficient guidance to ascertain legislative intent, we look beyond the language of a particular section standing alone to the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law." (quotation omitted)). The exemption related to work by an owner in an owner-occupied residence exempts "[a]ny plumbing and specialty work," which demonstrates that repairs and alterations was meant to be something less than "any" plumbing work.  To construe repairs and alterations broadly would produce an effect contrary to legislative intent.  That the § 2198(a)(5) exemption was intended to be more limited than that for owner-occupied single-family dwellings is also consistent with the public-protection purpose of the statute.  Both the common definitions and the statutory structure and intent support a conclusion that the Legislature's use of the words repairs and alterations was meant to exempt work by an owner that fixes broken plumbing or makes slight changes to the structure of the plumbing.

¶ 16.    We conclude that there was a reasonable basis for the Commission's conclusion that the work applicant proposed in this case was not "repairs or alterations."  26 V.S.A. § 2198(a)(5).  The first item—connecting the water supply to the Jacuzzi—required installation of shut-off and anti-scald valves and a new water heater.  This was not even arguably a repair within the meaning of the statute because applicant did not allege that the work was required to fix broken plumbing.  Further, given the extent of the additional features to be installed as part of the work, it was reasonable for the Commission to conclude that this was more than a slight change to the plumbing's existing structure.  It is a closer question as to whether the second item—the replacement of the sewer pipe—was exempt as a repair or alteration.  Applicant indicated the pipes

8

were "deteriorating," but the facts do not demonstrate that the plumbing was broken or that the work he proposed was required to put the plumbing into working condition. Moreover, given that the undisputed facts indicate that the work entailed disconnecting branch lines and installing updated fittings, applicant has failed to demonstrate that the Commission's determination that this work went beyond a simple alteration was in error. See State Dep't of Taxes, 138 Vt. at 294, 415 A.2d at 218 ("Courts presume that the actions of administrative agencies are correct, valid and reasonable, absent a clear and convincing showing to the contrary."). The Commission also acted reasonably in determining that this was not a simple repair of a broken item and that it went beyond a slight change in structure. Therefore, § 2198(a)(5) does not exempt applicant from the requirement of obtaining a permit for the work that he proposes.

Affirmed.

FOR THE COURT:

_____

Associate Justice

9